## Mershon's Estate.

*Owen J. Roberts* and *John W. Graham, Jr.,* for exceptions.
*Carr & Krauss,* contra.

THOMPSON, J., Nov. 9, 1928.—Testator died June 2, 1927, and at the audit of his executors' account a question arose between the executors of the testator and John V. Mershon, individually and as sole distributee on the one side, and Mrs. Lemle on the other, as to the proper construction of certain parts of the following agreement:

MEMORANDUM OF AGREEMENT made and entered into this 25th day of May, A. D. 1925, by and between Abner H. Mershon, of the City of Philadelphia, party of the first part, and Mrs. Dorothy Lemle, of the City of Philadelphia, party of the second part.

*Whereas,* the party of the first part is the owner and operator of the Touraine Apartments situated at 1520 Spruce Street, in the City of Philadelphia; and

*Whereas,* party of the second part desires to act as manager of said Touraine Apartments upon the terms and conditions hereinafter specified, now, therefore, in consideration of the premises and of the mutual covenants herein contained and of the payment by each of the parties to the other of the sum of One Dollar ($1.00), receipt of which is hereby acknowledged, this agreement witnesseth:

1. Party of the first part agrees to employ party of the second part and party of the second part agrees to act for party of the first part as manager of the aforementioned Touraine Apartments, performing all the duties ordinarily attendant upon the management of such an apartment house.

2. In consideration of the services to be rendered by the party of the second part hereunder, the party of the first part agrees to pay to party of the second part during the term of such services the sum of Twenty-six Hundred Dollars ($2600.00) per year, payable in cash weekly or monthly installments according to the wishes of the party of the second part; also, in further consideration of said services, party of the first part agrees that party of the second part shall have the sole occupancy and use of Apartment No. 202 for living quarters, without the payment of rent by party of the second part, and with heat, light, hot water and telephone services provided by party of the first part; in further consideration of said services, the party of the first part agrees to pay for the services of a house-maid to assist party of the second part, such house-maid to be chosen by party of the second part, the salary not to exceed Sixteen Dollars ($16.00) per week. The party of the first part further agrees that in the event of the removal of the party of the second part from her position as manager of said apartment house through causes beyond the control of either the party of the first part or the party of the second part, such as a change in ownership of the apartment house, or its destruction or demolition by reason of fire or other cause or causes, or the discharge of party of the second part by the heirs, executors, administrators or assigns of the party of the first part, the full consideration for one year provided for in this contract is to be paid to the party of the second part without the performance of any services by the party of the second part; this provision is not to be operative in the event of six months' written notice of an intention to terminate this contract having been given prior to the occurrence of the contingency herein provided for. The party of the first part further agrees that the signing of the pay-roll book by

the party of the second part for any sum other than that due under the terms of this contract shall not be construed to represent the total amount due to the party of the second part; and in the event of any portion or portions of the hereinbefore mentioned salary being unpaid and owing to the party of the second part by the party of the first part, at any time during the period of or at the voluntary or involuntary termination of this agreement, the party of the second part shall be entitled to have such sums paid in full immediately upon request, with interest at the rate of six per cent (6%) per annum, or, in the event of the death of party of the second part before receiving such sums in full, the party of the first part agrees to pay forthwith such aggregate sums to Dorothy Lemle, daughter of the party of the second part. It is mutually agreed by the parties hereto that this contract shall not be terminated by either party without the giving of written notice of six (6) months prior to the time at which this contract is sought to be terminated.

All of the terms, conditions, covenants and obligations contained in the foregoing agreement are intended to, and shall be binding on the part of both parties hereto, and also upon the heirs, executors, administrators and assigns of the party of the first part hereunder.

IN WITNESS WHEREOF, the party of the first part and the party of the second part have hereunto set their hands and seals the day and year first above written.

                                      (Sgd) ABNER H. MERSHON   [Seal]

Witness:                          (Sgd) DOROTHY LEMLE   [Seal]

    (Sgd) GEO. W. KELCHNER
    (Sgd) DAVID JACKSON

And the notice given thereunder as follows:

ALDINE TRUST COMPANY,
2020 Chestnut Street, Philadelphia,
April 2nd, 1928.

Mrs. DOROTHY LEMLE,
    1520 Spruce Street,
        Philadelphia, Pa.

Dear Madam: In the memorandum of agreement made and entered into the 25th day of May, 1925, between yourself and Abner H. Mershon there is a provision requiring six months' written notice by either party to terminate said agreement and in accordance with said provision we, as executors of the estate of Abner H. Mershon, deceased, as well as his personal representatives, do hereby give you notice that your employment under said agreement shall terminate on the fourth day of October A. D. 1928, and that you shall forthwith deliver unto John L. Graham, Jr., all papers, keys, etc., belonging to the estate of Abner H. Mershon, deceased, and in the meantime you shall be relieved of performing any further duties under your contract.

                  Very truly yours,
                       JOHN V. MERSHON
                       ALDINE TRUST COMPANY
                         By: Walter Harris, Vice-President,
                            Executor u/w Abner H. Mershon, dec'd.
                       JOHN V. MERSHON, Owner.

The Auditing Judge allowed the claim of Mrs. Lemle in the sum of $2600, being one year's salary from April 2, 1928, together with the value of the apartment at $150 per month, less such time at that rate as she occupied the same subsequent to April 2, 1928.

Exceptions to the allowance of Mrs. Lemle's claim were filed by John V. Mershon, "individually and as sole distributee of the estate of Abner H. Mershon."

Testator by his will gave his entire estate to the accountants in trust to pay the income therefrom to his wife for life, and at her death the principal to his brother, John V. Mershon. The widow elected to take against the will, and by an instrument dated March 27, 1928, assigned all her interest in the testator's estate to John V. Mershon.

John V. Mershon contended before the Auditing Judge and upon the argument on his exceptions: First, that the compensation for one year applied

only during the first year of the employment; second, that the liability of the, estate is limited to compensation for six months only after the date of the above notice.

We are of the opinion that there is no merit in either contention, and that the Auditing Judge was correct in allowing the claim of Mrs. Lemle. We can find no basis for the contention that the part of the contract relating to one year's compensation was intended to apply only during the first year of the employment. The contract between the parties was one of employment, indefinite as to duration, with provision for termination, first, by either party on six months' notice; and, second, with the further provision for the payment of one year's salary in the event of its termination for causes beyond the control of either party, such as "a change in ownership of the apartment-house, or its destruction or demolition by reason of fire or other cause or causes, or the discharge of party of the second part by the heirs, executors, administrators or assigns of the party of the first part; the full consideration for one year provided for in this contract is to be paid to the party of the second part without the performance of any services by the party of the second part; this provision is not to be operative in the event of six months' written notice of an intention to terminate this contract having been given prior to the occurrence of the contingency herein provided for."

It will thus be seen that the parties contemplated the possible death of the testator during the period of employment and the discharge of Mrs. Lemle by the executors, and expressly provided that if such discharge took place, Mrs. Lemle would be entitled to one year's salary.

This brings us to a consideration of the notice above set forth. On its face it purports to be a termination of the contract by giving six months' notice, but it also on its face purports to be a discharge, in that it directs Mrs. Lemle to "forthwith deliver unto John L. Graham, Jr., all papers, keys, etc., belonging to the estate of Abner H. Mershon, deceased, and in the meantime you shall be relieved of performing any further duties under your contract."

It will be noted that exceptant in his paper-book, page 13, calls the above notice "copy of notice of discharge." The agreement expressly provides that one year's salary shall be paid if Mrs. Lemle is discharged by the executors of Mr. Mershon, but [this provision] "is not to be operative in the event of six months' written notice of an intention to terminate this contract having been given prior to the occurrence of the contingency herein provided for." The Auditing Judge on this point says: "The removal of the claimant by the executors of the decedent, which was one of the contingencies contemplated, and the giving of notice were simultaneous. Where two events are simultaneous, it cannot be said that one happened prior to the other. The six months' notice, therefore, was not given prior to the happening of the contingency, and, therefore, that part of the agreement remained operative which allowed the claimant a year's full consideration, as provided in the agreement, from the date of the happening of the contingency, or cause of her removal."

It cannot be pretended that any six months' written notice was given to terminate the contract prior to her being removed as manager of the apartment-house. In fact, no notice whatever was given prior to her removal as manager of the apartment-house, although the contract specifically provided that six months' written notice should have been given prior to the occurrence which would have prevented her receiving the full consideration provided for one year, as provided in the contract. The notice of her removal was contemporaneous with her removal, and certainly no six months' notice was given her which would have rendered inoperative the provision which entitled

her to a full year's compensation. The "occurrence of the contingency" in the present case was her removal as manager of the apartment-house. No prior notice whatever was given her, and certainly no six months' notice was given, as is necessary to render the provision for a year's compensation inoperative.

We do not consider it necessary to discuss whether the death of Mr. Mershon, the election to take against his will by the widow, and the sale by the widow of her interest to Dr. Mershon, the remainderman, is such a change of ownership as was contemplated by the parties to the agreement when they referred to "a change in ownership of the apartment-house," as we prefer to place the reasons for our construction on the grounds above discussed.

The exceptions are dismissed and the adjudication confirmed absolutely.